**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 00-6685**

———————

UNITED STATES OF AMERICA,

                      Plaintiff - Appellee,

    versus

ROBERT AUGUSTINE D'ANJOU,

                      Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Chief District Judge. (CR-91-86-MU)

———————

Submitted: April 27, 2001          Decided: May 8, 2001

———————

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Robert Augustine D'Anjou, Appellant Pro Se. Brian Lee Whisler, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Robert Augustine D'Anjou seeks to appeal the district court's order denying his motion for reconsideration of the court's prior order denying his motion filed pursuant to 18 U.S.C. § 3582(c)(2) (1994). We dismiss the appeal for lack of jurisdiction because D'Anjou's notice of appeal was not timely filed.

Parties in a criminal case[*] are accorded ten days after entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(b)(1), unless the district court extends the appeal period under Fed. R. App. P. 4(b)(4). This appeal period is "mandatory and jurisdictional." United States v. Raynor, 939 F.2d 191, 197 (4th Cir. 1991).

The district court's order was entered on the docket on March 1, 2000. D'Anjou's notice of appeal was filed on May 1, 2000. Because D'Anjou failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] Appeals from the denial of a motion pursuant to § 3582(c)(2) are considered criminal appeals for purposes of Fed. R. App. P. 4(b).